UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAM LUCKS,

          Plaintiff,

       V.                                **DECISION AND ORDER**
                                              **11-CV-860**

SOUTHERN TIER ELECTRICAL
INSPECTIONS, INC., AND
KEVIN C. COLE

          Defendants.
_____

## **INTRODUCTION**

Before the Court is plaintiff Pam Lucks' motion for default judgment seeking damages in the amount of $425,000 against defendants Southern Tier Electrical Inspections, Inc. and Kevin C. Cole (collectively referred to as "defendants").  Plaintiff alleges that she suffered injuries on December 24, 2008 at defendants' place of business because of a slip and fall accident arising out of the careless, reckless and negligent acts and omissions of defendants.

For the following reasons, plaintiff's motion for a default judgment is partially granted, in the amount of $81,028.42, for past medical expenses. Plaintiff's request for additional damages for pain and suffering is denied without prejudice.

# **BACKGROUND**[1]

Plaintiff Pam K. Lucks ("plaintiff" or "Lucks") sustained injuries in a slip and fall accident at Southern Tier Electrical Inspection, Inc. ("Southern Tier"). Kevin C. Cole ("Cole") is the owner and operator of Southern Tier. He also owned the property on which the accident occurred. (Dkt. No. 1, pp. 2) Lucks alleges that her fall was the result of defendants' careless, reckless and negligent acts and omissions in maintaining the property. (Dkt. No. 1, pp. 4)

On December 24, 2008, Lucks was delivering signs for an upcoming blood drive to be held by the Red Cross, her employer at that time. Lucks arrived at Southern Tier and attempted to step onto the steps leading to the entrance of the business. However, she immediately fell as a result of the slippery condition of the marble steps. *See* Exhibit A. Plaintiff alleges that defendants failed to properly maintain the condition of the steps by removing the snow and ice, and failed to properly salt or sand the steps to eliminate a slipping hazard. (Dkt. No. 1, pp. 4) Plaintiff alleges that she repeatedly fell while attempting to climb the icy steps, and eventually landed on the cement landing below the steps. She alleges that during this

---

[1] The facts discussed hereinafter are taken from the allegations in the complaint and Lucks' affidavit submitted in support of the motion for default judgment.

time defendant Cole and his wife were watching from inside the door to the business, but did not come to her aid. (Dkt. No. 20-4, pp. 2)

As a result of the accident, Lucks sought medical treatment for severe shoulder and cervical spine pain as well as radiating pain down the inside and top of her left arm. She underwent an anterior cervical discectomy and anterior arthrodesis on June 17, 2010. Several months after this surgery, Lucks had difficulty swallowing and was referred to Bayfront Digestive Disease. (Dkt. 20-4, pp. 3-4)

A summons and complaint were served on defendants by plaintiff on December 29, 2011. (Dkt. 20-2, 20-3) No answer was filed in the time allowed, nor did defendants seek additional time to respond to the complaint. Plaintiff filed a motion for default judgment. (Dkt. No. 12) On September 10, 2012, an entry of default was entered by the Clerk of the Court. (Dkt. 13) At the request of the Court, plaintiff supplemented her motion for default judgment with an affidavit detailing the medial treatment she received as a result of the accident, along with medical documentation relating to her injuries, in support of her request for damages. Plaintiff requests a damages award of approximately $425,000, representing past medical expenses as well as pain and suffering. (Dkt. 16, pp. 2)

**DISCUSSION**

Prior to obtaining a default judgment, a party must secure a Clerk's Entry of Default by demonstrating the opposing party has "failed to plead or otherwise defend" a judgment for affirmative relief sought against them. *See* Fed. R. Civ. P. 55(a).  A "party's default is deemed to constitute a concession of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Where the damage sum requested is certain or can be made certain through computation, default judgments must be entered by the Clerk of the Court.  *See* Fed. R. Civ. P. 55(b)(1).  In cases where the sum is not certain, the party seeking a default judgment must apply to the court for such determination.   *See* Fed. R. Civ. P. 55(b)(2).  "While a default judgement constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69-70 (2d Cir. 1971)).

A district court may not simply award the requested damages in a default judgment, rather the court must determine that a basis for the damages requested exists. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). The court is permitted to have a hearing to determine appropriate damages, however a hearing is not necessary when the court relies on detailed affidavits or documentary evidence in the record. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that the determination of damages through detailed affidavits and documentary evidence, supplemented by the judge's knowledge of the record was sufficient, and a hearing was unnecessary). All reasonable inferences are drawn from the evidence presented in favor of the moving party. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F. 2d. 61 (2d. Cir.1981).

Here, the Clerk of the Court entered default against defendants on September 10, 2012. (Dkt. No. 13) The entry of default was appropriate because defendants failed to file a timely answer and did not request additional time to answer. Further, since all reasonable inferences must be drawn in favor of the moving party, the Court views all factual allegations in

the complaint as true, including those that establish defendants' liability for the slip and fall accident which injured plaintiff on December 24, 2008.

With respect to damages, plaintiff provided the Court with an affidavit and documentary evidence establishing that she accumulated approximately $81,299.02 in medical expenses from February 2009 through November 2010.  These include costs incurred for medical appointments, surgeries, physical therapy appointments and medication. Based upon the Court's review of the records provided, it appears that the vast majority of these expenses are directly related to the injuries sustained by plaintiff on December 24, 2008.  However, the Court notes that plaintiff had a history of migraines prior to the slip and fall accident.  Found within the medical bills are prescriptions for the treatment of migraines. These expenses total $270.60.  Since these medicines did not clearly treat an injury related to the subject of this lawsuit, the medical expenses awarded plaintiff will be reduced in the amount of $270.60.  Therefore, based upon the documentary evidence provided, and drawing all reasonable inferences in favor of the moving party, the Court awards judgment to plaintiff in the amount of $81,028.42 for medical costs incurred as a result of the slip and fall on December 24, 2008.

The remaining $344,000 requested by plaintiff appears to represent damages for pain and suffering. (Dkt. No. 16, pp. 2) However, plaintiff fails to provide detailed affidavits or any documentary evidence in support of this amount. Since there is no basis in the record for awarding plaintiff an additional $344,000 for pain and suffering, the Court denies without prejudice this portion of the motion. Plaintiff may renew her motion with sufficient documentary and legal support to establish damages beyond past medical expenses.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for default judgment is granted. Her request for damages is granted in part and denied in part. Plaintiff is awarded damages in the amount of $81,028.42 for past medical expenses. The remainder of plaintiff's request for damages is denied without prejudice.

Plaintiff shall have 60 days from the date of this Decision and Order to renew her request for pain and suffering with supporting documentation. If no filing has been made after 60 days, the matter shall be dismissed in full with prejudice.

SO ORDERED.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2015